IN THE UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDUARDO DIAZ-BERNAL, et al. | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-cv-1734-SRU |
| | § § | |
| JULIE MYERS, et al., | § § | |
| Defendants. | § | |

**AGREED PROTECTIVE ORDER**

Pursuant to the provisions of Federal Rule of Civil Procedure 26(c), the Court enters this Protective Order upon joint motion of the plaintiffs and defendant the United States (collectively, "Parties"), for the purpose of assuring the confidentiality of certain information disclosed by the Parties.

IT IS ORDERED, ADJUDGED AND DECREED that the following procedures will govern the production and/or use of such information in this action:

1. This Protective Order governs the treatment and handling of all confidential information, material and documents (including, without limiting the generality of the foregoing, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition testimony, deposition transcripts, deposition exhibits, and other written, recorded, electronic, or graphic matter, and copies of the foregoing) ("Confidential Material")

produced in accordance with the Federal Rules of Civil Procedure or any order of the Court, by any Party to any other Party in this matter.

2. Documents, electronically stored information, and any other materials subject to protection under the Privacy Act which are otherwise discoverable are authorized to be produced. 5 U.S.C. § 552a(b)(11).

3. Any Party furnishing Confidential Material which in the opinion of that Party contains or discloses confidential information, or information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, the Freedom of Information Act, 5 U.S.C. § 552, and/or any other federal or state law, may designate such material as subject to this Protective Order by marking each page of the document as "Subject to Protective Order," whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

Materials necessitating a higher level of protection, such as sensitive and confidential law enforcement information regarding the policies, methods, techniques, procedures, guidelines, and/or intelligence of certain federal law enforcement agencies, may be designated as "For Attorneys' Eyes Only." Documents designated as "For Attorneys' Eyes Only" shall only be reviewed by counsel for a Party.

Any Party receiving Confidential Material which in the opinion of that Party contains or discloses confidential information, or information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, the Freedom of Information Act, and/or any other federal or state law, may designate such material as subject to this Protective Order by marking each page of the document

as either "Subject to Protective Order" or "For Attorneys' Eyes Only," provided that the Party provides notice of such designation within 14 days of receipt to counsel for all other Parties.

      4.      Material designated "Subject to Protective Order" or "For Attorneys' Eyes Only" pursuant to this Order shall be used by a Party only for purposes related to this action and for no other purpose, under other restrictions as explained elsewhere in this Order, and under no circumstances, other than those specifically provided for in this or a subsequent Order of this Court, shall any Party disclose it to persons or entities other than the following:

    (a)    The Court and Court personnel;

    (b)    Counsel of record for a Party.

    (c)    Secretarial, clerical, paralegal, or student personnel employed full-time or part-time by counsel of record for a Party, or students enrolled in the law clinic representing Plaintiffs, provided such counsel deems the disclosure reasonably necessary for the conduct of this litigation.

    (d)    Experts or consultants who have been retained by a Party for the purpose of assisting in the conduct of this action.

    (e)    Fact witnesses during their deposition, or in preparation for their deposition, provided that counsel of record for a Party deems the disclosure reasonably necessary for the conduct of this litigation and that no disclosure is made to persons outside the authorization of this Order.

    (f)    Other persons upon order of this Court or upon stipulation of the Party who designated the Confidential Material in question as "Subject to Protective Order" or "For Attorneys' Eyes Only."

Before any materials subject to this Protective Order are disclosed to a Party, all counsel of record for that Party shall sign and serve the "Acknowledgment of Protective Order," attached to this Protective Order as Exhibit A, on all counsel of record for all Parties. Unless otherwise

specified by a counsel of record for a Party, service of the signed "Acknowldgement of Protective Order" may be completed by e-mail.

Prior to disclosing materials subject to the Protective Order to any other individuals designated in subsections (b) – (f), counsel for a Party must have these individuals sign the "Acknowledgment of Protective Order," attached to this Protective Order as Exhibit A. The original signed "Acknowledgment of Protective Order" completed by any individual designated in subsections (b)-(f) shall be retained by counsel seeking to disclose materials to such individual until the conclusion of this litigation (as that point in time is defined in paragraph 10 below). These signed "Acknowledgment of Protective Order" forms may only be disclosed pursuant to Court order.

5. Each person given access to material designated as "Subject to Protective Order" or "For Attorneys' Eyes Only" is hereby advised that such material and/or information is being disclosed pursuant and subject to the terms of this Order, may not be disclosed other than pursuant to the terms hereof, and may be used only for purposes related to this action and for no other purposes. Materials designated "Subject to Protective Order" or "For Attorneys' Eyes Only" may be disclosed to and discussed with a person identified in subparagraphs 4(b) - (f) only after such person has executed a copy of Exhibit A, attached hereto.

6. Any Party may designate as "Subject to Protective Order" or "For Attorneys' Eyes Only" any confidential testimony, exhibit, or other information provided or disclosed at the deposition of any witness, and that testimony, exhibit, or other information is subject to the provisions of this Protective Order, unless the Parties otherwise agree by written stipulation.

7.	In the event that counsel for any Party determines to file with or submit to this Court – by way of pleadings, motions, briefs, or other papers or submissions – any material designated "Subject to Protective Order" or "For Attorneys' Eyes Only," such counsel must make a motion in accordance with District of Connecticut Local Civil Rule 5(e) for permission from the Court to file or submit such material under seal.

8.	If any Party objects to the designation of any information, material or document as "Subject to Protective Order" or "For Attorneys' Eyes Only," the objecting Party may notify the designating Party in writing at any time, but no later than twenty-one (21) days before the date of trial, and the objecting Party must also notify all other Parties of the objection. Within ten (10) days after service of any such notice, and after consultation and a good-faith effort to resolve the disagreement with the other Parties, either the designating or the objecting Party may apply to the Court for a ruling that the Confidential Material objected to shall (as applicable) be treated or not treated as "Subject to Protective Order" or "For Attorneys' Eyes Only," and notice of such application shall be provided to all other Parties. Until this Court enters an order determining the status of the Confidential Material being objected to, such material shall be treated as confidential and protected as provided in this Order, unless the Parties otherwise agree by written stipulation.

9.	Any Party that produces documents or electronically stored information does not waive any privilege or protection, including but not limited to the attorney-client privilege and the work-product protection, over that information in this matter or any other proceeding. Fed.

R. Evid. 502(d), (e), (g). The Parties shall follow Federal Rule of Civil Procedure 26(b)(5)(B) in dealing with any privileged materials produced in discovery.

10. Within three (3) months of the conclusion of this litigation (commencing from the date on which the time for filing an appeal from entry of judgment with no party taking an appeal, or in the event an appeal is taken, from the date of exhaustion of any and all appeals), all materials which continue to be designated as "Subject to Protective Order" or "For Attorneys' Eyes Only" and all copies thereof shall either be returned to the disclosing Party or destroyed. A Party who elects to destroy the copies shall submit a certification to the disclosing Party, attesting that all copies were destroyed, within fourteen (14) days of the destruction of the copies. Copies which contain markings constituting attorney work product need not be returned or destroyed, provided they remain subject to the provisions of this Protective Order. All documents shall be kept in the possession of the Party to whom the document was produced, except in the limited circumstances described above.

11. Documents, information, or material of any sort that a Party wishes to designate as "Subject to Protective Order" or "For Attorneys' Eyes Only" pursuant to the terms of this Order, but which are inadvertently disclosed without such designation, may be retrieved by the disclosing Party at any time. Upon notice that a Party seeks retrieval, such documents, information, or material must be treated as if designated "Subject to Protective Order" or "For Attorneys' Eyes Only" under this Order and may only be used for the purposes and in the manner permitted by this Order.

12. The agreement of any Party to be bound by the terms and conditions of this Order does not constitute a waiver of any privilege available to that Party, and shall not be construed as such.

13. This Order shall not: (a) prejudice in any way the right of a Party to object to the production of documents it considers not subject to discovery; or (b) prejudice in any way the right of a Party to seek a Court determination (i) whether discovery material should be produced, or (ii) if produced whether such material should be subject to the terms of this Order; or (c) prejudice in any way the right of a Party to apply to the Court for a further protective order relating to any confidential material or information.

14. This Order may be modified if the Parties to this Order agree to such modification or if such modification is ordered by the Court.

15. Any person may at any time move, on notice to all parties, for modification of, or other relief from, this Order.

IT IS SO ORDERED:

Date: ~~6/30/10~~

/s/ Stefan R. Underhill
STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDUARDO DIAZ-BERNAL, *et al.* § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:09-cv-1734-SRU |
| § | |
| § | |
| JULIE MYERS, *et al.*, § | |
| § | |
| Defendants. § | |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I, _____, hereby acknowledge, under penalty of perjury, that I have read the Agreed Protective Order governing disclosure of Confidential Material entered by this Court on _____, 2010. I am familiar with the specific terms of the Order and agree to be bound by its terms. I further understand that I am subject to the contempt powers of this Court for violation of the Order.

_____
Signature

Date: _____