UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____
DIAZ-BERNAL, et al.,                    )
                                        )
       Plaintiffs,                      )
                                        )
v.                                      )
                                        )   3:09-cv-1734 (SRU)
MYERS, et al.,                          )
                                        )
       Defendants.                      )
_____)

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S RENEWED MOTION TO DISMISS IN PART**

Just after dawn on June 6, 2007, approximately twenty Immigration and Customs Enforcement ("ICE") agents swept into Fair Haven, a predominantly Latino neighborhood in the City of New Haven. Without search warrants or consent from the residents, the ICE agents raided numerous private residences, including those of Plaintiffs. Seeking redress, Plaintiffs have brought this suit under the United States Constitution and the Federal Tort Claims Act ("FTCA") for compensatory and declaratory relief. Defendant United States of America ("Defendant") has moved to dismiss Plaintiffs' request for a declaration of Defendant's liability under the FTCA, contending that this Court lacks subject matter jurisdiction to hear it. Def. Br. [Dkt. #52]. Although Defendant has neither challenged Plaintiffs' claims on the merits nor this Court's jurisdiction to award money damages, Defendant argues that Plaintiffs' request for declaratory relief must be dismissed because the FTCA permits only "money damages," to the exclusion of other forms of relief.

Defendant is mistaken. This Court has subject matter jurisdiction to issue declaratory judgment pursuant to 28 U.S.C. § 1331 and the waiver of sovereign immunity under the FTCA or, in the alternative, under the Administrative Procedure Act ("APA"). Declaratory judgment is

1

solely a procedural device that the Court may use in a case that otherwise falls within its jurisdiction; it therefore does not require a waiver of sovereign immunity beyond that provided by the FTCA.  Even if declaratory judgment were a substantive form of relief requiring a separate waiver of sovereign immunity, the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, would provide such a waiver, allowing this Court to hear Plaintiffs' request for declaratory judgment.[1]

## FACTS AND PROCEEDINGS

On the morning of June 6, 2007, in the predominantly Latino neighborhood of Fair Haven, ICE agents entered the Plaintiffs' private residences without search warrants or consent and accosted people in the midst of their morning routines.  3d Am. Compl. [Dkt. #46] at ¶ 1.  They interrupted people in showers, intruded upon couples asleep in their beds, and awoke parents dozing until their alarm clocks rang.  *Id*. at ¶ 2.  Without cause or reasonable suspicion, ICE agents interrogated and arrested residents based on their skin color and physical appearance.  *Id*. at ¶ 3.  In some cases, agents arrested people in front of their families and young children.  *Id*.

Within three hours, ICE agents had arrested and detained twenty-nine residents of New Haven, forcing them from their homes and into federal custody, where they remained for days, and in some cases, weeks.  3d Am. Compl. [Dkt. #46] at ¶ 4.  Federal immigration authorities had not previously determined that most of those they arrested were in violation of immigration law, and the agents who stormed through Fair Haven did not have any legally adequate reason to believe that those they arrested had violated an immigration law.  *Id*.

Plaintiffs filed amended complaints on February 28, 2010, Am. Compl. [Dkt. #15], May 21, 2010, 2d. Am. Compl. [Dkt. #43], and June 4, 2010, 3d Am. Compl. [Dkt. #46] and seek relief for harms caused by senior ICE personnel who supervised the raids, ICE officers who

---

[1] Defendant also argues that Plaintiffs lack standing to pursue their Tenth Amendment claim.  *See* Part V, *infra*.

planned the raids, and ICE agents who carried out the operation. On June 9, 2010, Defendant United States of America filed a motion to dismiss arguing that this Court lacks subject matter jurisdiction over Plaintiffs' negligent hiring, training and supervision claims. [Dkt. #47]. On June 17, 2010, the Individual-Capacity Defendants[2] filed a motion to dismiss, asserting that this Court lacks subject matter jurisdiction over the claims and personal jurisdiction over several of the Defendants, that Plaintiffs failed to state cognizable claims, and that Defendants are protected from suit by qualified immunity. [Dkt. #51]. On June 18, 2010, Defendant United States of America also filed the present motion to dismiss, arguing that this Court also lacks subject matter jurisdiction to grant declaratory relief as to United States' liability under the FTCA and arguing that Plaintiffs lack standing to bring a claim under the Tenth Amendment to the Constitution. [Dkt. #52].[3]

## ARGUMENT

### I. STANDARD OF REVIEW

On a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the Court must determine if it has the statutory or constitutional power to hear the case. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Once challenged, the party asserting jurisdiction carries the burden of establishing it, *id.*, but "[p]rior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith . . . legally sufficient allegations of jurisdiction." *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). On a motion to dismiss for lack of subject matter jurisdiction,

---

[2] "Individual-Capacity Defendants" refers to Defendants Bruce Chadbourne, Jim Martin, George Sullivan, Walter Wilkowski, Richard McCaffrey, James Brown, Ronald Preble, Stephen Riccardi, Michele Vetrano-Antuna, George Lewis, Brian Geary, David Hamilton, Derek Moore, David Ostrobinski, David Reilly, Wilfredo Rodriguez, Wilfred Valentin, and Edgar Vasquez.
[3] Defendant United States previously filed its Motion to Dismiss in Part on March 1, 2010 [Dkt. #16], and subsequently renewed it following Plaintiffs' filing of the Third Amended Complaint.

courts should "construe jurisdictional allegations liberally and take as true uncontroverted factual allegations." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994). "[I]nartful pleading . . . does not in itself constitute an actual defect of federal jurisdiction[,]" *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1162 (9th Cir. 2005) (quoting *Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568 n.3 (2d Cir. 2000)), and courts "will generally afford an opportunity for amendment of the pleadings to cure defective jurisdictional allegations." *Durant, et. al. v. Dupont*, 565 F.3d 56, 65 (2d Cir. 2009) (internal quotations and citations omitted).

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER EITHER 28 U.S.C. § 1331 OR 28 U.S.C. § 1346(b) TO ISSUE DECLARATORY JUDGMENT AS TO THE UNITED STATES'S LIABILITY UNDER THE FEDERAL TORT CLAIMS ACT

Defendant argues that this Court lacks jurisdiction to hear Plaintiffs' request for declaratory judgment, apparently reasoning that the FTCA's waiver of sovereign immunity does not permit declaratory relief and that the doctrine of sovereign immunity therefore bars such relief. Def. Br. [Dkt. #52] at 8. Although sovereign immunity is properly raised on a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), Wright & Miller, 5B *Federal Practice & Procedure* (3d ed.) at § 1350, there exists some ambiguity in the case law as to the precise relationship of sovereign immunity to jurisdiction.[4] This ambiguity is immaterial to the present motion.

In the more common approach in this Circuit, courts have explained that "issues of subject-matter jurisdiction and sovereign immunity are . . . wholly distinct," *Presidential*

---

[4] The Supreme Court and the Second Circuit have acknowledged the case law's occasional ambiguity in its uses of the concept of "jurisdiction," calling jurisdiction "a verbal coat of too many colors." *In re Beck Indus., Inc.*, 725 F.2d 880, 881 (2d Cir.1984) (Friendly, J.) (quoting *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 39, (1952) (Frankfurter, J., dissenting)); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510 (2006) (*quoting Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 90 (1998)) ("[j]urisdiction . . . is a word of many, too many, meanings").

4

*Gardens Assoc. v. United States*, 175 F.3d 132, 139 (2d Cir. 1999) (internal quotation marks omitted), reasoning that a "waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction." *Id.* at 139. In such cases, courts understand a waiver of sovereign immunity as a necessary prerequisite that, once satisfied, permits a court to exercise the jurisdiction granted it by another statute (such as 28 U.S.C. § 1331). *Id.*; *C.H. Sanders Co., Inc. v. BHAP Housing Dev. Fund Co., Inc.*, 903 F.2d 114, 118 (2d Cir. 1990) (distinguishing "waiver of sovereign immunity" from "an independent grant of jurisdiction"); *S.S. Silverblatt, Inc. v. East Harlem Pilot Block,* 608 F.2d 28, 35 (2d Cir. 1979) (same).

In a minority of cases, however, the courts have equated a waiver of sovereign immunity with a "jurisdictional grant," *see Dorking Genetics v. United States*, 76 F.3d 1261, 1261 (2d Cir. 1996), implying that a court exercising jurisdiction over the United States exercises jurisdiction granted it *by* the waiver of sovereign immunity, and not by the general grant of federal question jurisdiction under 28 U.S.C. § 1331. *See, e.g.*, *PAB Aviation, Inc. v. United States*, 169 Fed. Appx. 61, 63 n.2 (2d Cir. 2006) ("[T]he FTCA waiver of sovereign immunity confers subject matter jurisdiction") (internal quotation marks omitted); *United States v. Park Place Assocs., Ltd.*, 563 F.3d. 907, 923 (9th Cir. 2009) (acknowledging confusion, but adopting theory that the FTCA's waiver of sovereign immunity constitutes an affirmative grant of jurisdiction).

Whether a waiver of sovereign immunity is a prerequisite to the exercise of this Court's federal question jurisdiction under 28 U.S.C. § 1331, or is itself an affirmative grant of jurisdiction, the result – and the analysis required to reach it – is the same. Under either theory, the question is whether an adequate waiver of sovereign immunity exists for the Court to grant declaratory judgment. The only difference is whether the existence of an adequate waiver means that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 or pursuant to the waiver of

sovereign immunity itself. This is a purely formal difference which should not affect this Court's analysis or its disposition of the present motion.[5] In either case, this Court plainly has jurisdiction to issue declaratory judgment as to the United States's liability under the FTCA, whether this is jurisdiction under the federal-question statute, 28 U.S.C. § 1331, or the FTCA's waiver of sovereign immunity, 28 U.S.C. § 1346(b) (or some other waiver of sovereign immunity).

As explained below, under either theory the Court has jurisdiction to employ the Declaratory Judgment Act ("DJA") to make a declaration as to Defendant's liability under the FTCA, for two independent reasons: (1) Declaratory judgment is a procedural device that does not require a waiver of sovereign immunity or grant of jurisdiction in addition to that provided by the FTCA and, (2) even if declaratory judgment required a separate waiver of sovereign immunity, the APA, 5 U.S.C. § 702, would provide that waiver.

## III. DECLARATORY JUDGMENT IS MERELY A PROCEDURAL DEVICE THAT DOES NOT REQUIRE A SEPARATE WAIVER OF SOVEREIGN IMMUNITY OR GRANT OF JURISDICTION

The FTCA's waiver of sovereign immunity is sufficient to permit this Court to issue declaratory judgment without the need for a separate waiver of sovereign immunity or grant of jurisdiction. Defendant does not contest that Plaintiffs have properly alleged, and administratively exhausted, causes of action under the FTCA. Def. Br. [Dkt. #52] at 7-8. This

---

[5] If a waiver of sovereign immunity is only a prerequisite to this Court's exercise of its independent jurisdiction, then the issue is whether the FTCA or some other statute provides an adequate waiver. This is because Plaintiffs' claims plainly fall within this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, since they "aris[e] under the . . . laws . . . of the United States," 28 U.S.C. § 1331, namely the FTCA, 28 U.S.C. § 1346(b), and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* If, instead, a waiver of sovereign immunity is itself an affirmative grant of jurisdiction, then the only issue is whether the Court has subject-matter jurisdiction to issue declaratory judgment under the FTCA itself or some other waiver of sovereign immunity, such as the APA, 5 U.S.C. § 702. In either case, the only issue is whether declaratory relief falls within a waiver of sovereign immunity.

case therefore falls within this Court's jurisdiction, either under the FTCA's waiver of sovereign immunity or under 28 U.S.C. § 1331.  *See* Part II, *supra*.

The text of Declaratory Judgment Act makes plain that a court may issue declaratory relief in "a case *within its jurisdiction*." 28 U.S.C. § 2201(a) (emphasis added).  In other words, the DJA does not impose additional jurisdictional requirements on a Court which seeks to make use of it.  *See Westchester Fire Ins. Co. v. Tantalo*, 273 F. Supp. 7, 9 n.1 (D. Conn. 1967) (Court may employ DJA "if jurisdiction over the parties and subject matter otherwise exists"); *Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002) ("While the Declaratory Judgment Act does not confer independent jurisdiction, it is sufficient that the underlying claim itself satisfy the jurisdictional requirements"); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950) ("The requirements of jurisdiction . . . were not impliedly repealed or modified" by the DJA).[6] Because this case is squarely within the Court's jurisdiction under the FTCA and under 28 U.S.C. § 1331, it follows that declaratory judgment is available under the DJA.

While it is true that the FTCA does not itself authorize declaratory relief, nothing in the FTCA impairs the operation of the DJA where, as here, the Court has subject-matter jurisdiction. As the Supreme Court has stated, the DJA merely "places a remedial arrow in the district court's quiver," *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995), where "federal subject matter jurisdiction already exists." 28 U.S.C. 2201(a).

---

[6] That Congress foresaw that the DJA would be available in litigation with the United States is plain from the statute's text.  The DJA's text specifically precludes the issuance of declaratory judgment in five narrow kinds of proceedings relating to tax liability and international trade, 28 U.S.C § 2201, *all five* of which are proceedings ordinarily brought against the United States.  If a discrete waiver of sovereign immunity were necessary to issue declaratory judgment against the United States, Congress would have had no need to exclude these five types of actions in the statute's text.  *See State of New York v. Shore Realty Corp.*, 759 F.2d 1032, 1044 (2d Cir. 1985) ("Without a clear congressional command otherwise, we will not construe a statute in any way that makes some of its provisions surplusage").  Indeed, by excluding only these five types of action against the United States from the DJA's domain, Congress plainly foresaw that the DJA would be available to parties in all other types of litigation against the United States, so long as their case was "in [the court's] jurisdiction." 22 U.S.C. § 2201.

Recourse to the DJA therefore does not require an additional grant of jurisdiction or waiver of sovereign immunity because declaratory judgment is merely a procedural device that the Court may employ in cases already within its jurisdiction.  The principle that declaratory judgment "is procedural only" is well established.  *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1278 n.19 (2009) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)) ("[T]he operation of the Declaratory Judgment Act is procedural only"); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17, 21 (2d Cir. 1997) ("The DJA is procedural in nature"); *Luckenbach S.S. Co. v. United States*, 312 F.2d 545, 548 (2d Cir. 1963) ("Declaratory relief is a mere procedural device by which various types of substantive claims may be vindicated"); 26 C.J.S., *Declaratory Judgments* § 7 (2009) (the DJA "permits federal courts, by the new form of procedure, to exercise jurisdiction already conferred on them").  Thus, rather than expanding or otherwise modifying a court's jurisdiction, declaratory judgment is merely a tool for stating rights recognized in the course of pursuing ultimate relief, whether or not that ultimate relief is granted.

As many courts have concluded, since declaratory judgment is only "a procedural device," it falls "within the scope of the waiver of immunity of the Tort Claims Act."  *Pa. R.R. Co. v. United States*, 111 F. Supp. 80, 86-87 (D. N.J. 1953); *Petition of Gabel*, 350 F. Supp. 624, 630 (C.D. Cal. 1972) (same), *rejected on others grounds by McDonnell-Douglas Corp. v. U.S. District Court*, 523 F.2d 1083, 1085 (9th Cir. 1975); 2-9 Jayson & Longstreth, *Handling Federal Tort Claims* § 9.02 (2009) (Ahmad Decl., [Ex. A] at 1) ("[I]f the basic claim is within the coverage of the [Federal] Tort Claims Act" the Court is authorized to issue declaratory judgment as "a procedural step towards the ultimate determination of money damages").  Implicitly adopting the rationale that declaratory judgment is merely a procedural device that a Court may

8

employ when a case is otherwise within its jurisdiction, the Ninth Circuit has recently held that a district court has jurisdiction to provide declaratory relief as to the United States' liability under the FTCA.[7] *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1162 (2005); *see also Van Fossen v. United States*, 430 F. Supp. 1017, 1024 (N.D. Cal. 1977) (FTCA action where "the Court would ordinarily [have] grant[ed] plaintiffs' motion for declaratory judgment and den[ied] defendant's counter motion to dismiss" but for the parties' stipulation to dismiss).

While the Second Circuit has not squarely addressed the availability of declaratory judgment under the FTCA's waiver of sovereign immunity, the Second Circuit has made an analogous determination under the Suits in Admiralty Act ("SAA"), 46 U.S.C. § 30901, *et seq.* In *American Foreign S.S. Corp. v. United States*, it held that declaratory judgment was available under the SAA's waiver of sovereign immunity, even though, like the FTCA, "[t]he Suits in Admiralty Act does not specifically sanction declaratory relief against the United States."  291 F.2d 598, 604 (2d Cir. 1961).  *See also Luckenbach S.S. Co. v. United States*, 312 F.2d 545 (2d Cir. 1963) (holding jurisdiction existed for declaratory judgment action against United States under SAA).  The Second Circuit's holdings under the SAA should be highly persuasive here, as the FTCA and SAA are often construed by analogy to one another. *See In re Joint Eastern and Southern Districts Asbestos Litigation*, 891 F. 2d 31, 35 (2d Cir. 1989) (looking to FTCA to construe SAA); *Canadian Transport Co. v. United States*, 663 F.2d 1081, 1089 (D.C. Cir. 1980) (holding that provisions of FTCA and SAA are *in pari materia* and should be construed analogously).  Indeed, the waivers of sovereign immunity in both statutes subject the United States to comparable schemes of liability, *compare* 28 U.S.C. § 1346(b) (subjecting United

---

[7] In *Liberatore*, the plaintiff sought only a declaration of the United States's liability under the FTCA without seeking the further remedy of damages.  The Ninth Circuit nonetheless held that a district court had the power to issue declaratory relief under the waiver of the sovereign immunity provided by the FTCA, even if it did not take the subsequent step of awarding the ultimate relief of damages.

9

States to liability "if a private person[] would be liable") *with* 28 U.S.C. § 30903 (subjecting United States to liability "if a private person or property were involved, a civil action in admiralty could be maintained") and there is no plausible reason why declaratory judgment should be available against the United States under the SAA, but not under the FTCA.

Defendant cites *Birnbaum v. United States*, 588 F.2d 319 (2d Cir. 1978), for the proposition that this Court lacks subject-matter jurisdiction to grant declaratory judgment because the FTCA's waiver of sovereign immunity only provides for money damages. Def. Br. [Dkt. #52] at 8. *Birnbaum*, however, stands for no such proposition and Defendant does not provide an argument as to why it would.[8] *Birnbaum* involved injunctive relief: in that case, the Second Circuit overturned a district court's "order that the Government send a letter of apology to each plaintiff." *Birnbaum*, 588 F.2d at 335. Such injunctive relief could hardly be considered a purely procedural device and is, therefore, entirely distinct from the declaration of Defendant's liability that Plaintiffs seek here. Moreover, in *Birnbaum* the Second Circuit overturned the district court's order not because sovereign immunity barred ordering the letter of apology, but simply because no statute authorized the Court to award such relief. *Id.* By contrast, in the present case, the Declaratory Judgment Act empowers the Court with a procedural device it may use to "declare the rights and other legal relations of any interested party seeking such declaration" in all cases "within [the Court's] jurisdiction." 28 U.S.C. § 2201. Plaintiffs here seek money damages, bringing a claim for relief recognized under Connecticut law and therefore a cause of action within the Court's subject-matter jurisdiction under the FTCA. *Birnbaum*, 588

---

[8] In addition to *Birnbaum*, Defendant cites three out-of-circuit cases without providing any reasoning as to why these cases indicate that declaratory judgment is unavailable as to the United States's liability under the FTCA. Def. Br. [Dkt. #52] at 8. The out-of-circuit cases are similarly inapposite as they do not address the issues of either sovereign immunity or declaratory relief. *See Westbay Steel, Inc., v. United States*, 970 F.2d 648 (9th Cir. 1992) (equitable liens unavailable under the FTCA); *Talbert v. United States*, 932 F.2d 1064, 1065 (4th Cir. 1991) (order for "correction of negligently maintained records" unavailable under FTCA); 466 F.2d 1226 (3d Cir. 1972) (order establishing equitable trust with plaintiff as beneficiary unavailable under FTCA).

10

F.2d at 328.  Since the Court has jurisdiction over the Plaintiffs' cause of action under the FTCA as well as 28 U.S.C. § 1331, Plaintiffs may, under the DJA, properly request that the Court make use of this procedural device.

### IV. EVEN IF DECLARATORY JUDGMENT WERE A SUBSTANTIVE FORM OF RELIEF, REQUIRING AN ADDITIONAL WAIVER OF SOVEREIGN IMMUNITY, THE ADMINISTRATIVE PROCEDURE ACT WOULD PROVIDE SUCH A WAIVER

Even if Defendant were correct that the FTCA's waiver of sovereign immunity does not permit declaratory judgment, the Court may still issue declaratory judgment in this case under the waiver of sovereign immunity under the Administrative Procedure Act, 5 U.S.C. § 702.  The APA waives the United States' sovereign immunity as to "relief other than money damages," 5 U.S.C. § 702, including declaratory relief.  *See, e.g.*, *Ward v. Brown*, 22 F.3d 516, 520 (2d Cir. 1994).  The APA's waiver of sovereign immunity applies to the present case, and as such, it provides an independent basis for this Court to issue declaratory judgment against the Defendant.

The D.C. Circuit has "previously[] and repeatedly" rejected the argument that the APA waiver of sovereign immunity applies only to suits brought under the APA.  *Trudeau v. Fed. Trade Comm'n.*, 456 F.3d 178, 186 (D.C. Cir. 2006); *see Chamber of Commerce v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996) ("The APA's waiver of sovereign immunity applies to any suit whether under the APA or not"); *P & V Enters. v. U.S. Army Corps of Eng'rs*, 466 F.Supp.2d 134, 141 (D.C. 2006) (same); *see also Commonwealth of P.R. v. United States*, 490 F.3d 50, 57-58 (1st Cir. 2007) (same).  The Second Circuit similarly has held that the APA's waiver of sovereign immunity may be used in conjunction with causes of action arising under other statutes.  *Ward v. Brown*, 22 F.3d 516, 519 (2d Cir. 1994) ("independent waiver of sovereign immunity" in the Administrative Procedure Act allowed district court to hear claims arising under Tucker Act); *American-Foreign Steamship v. United States*, 291 F.2d 598, 604 (2d Cir.

1961) (APA waiver of sovereign immunity allows declaratory judgment as to United States's liability under Suits in Admiralty Act); *see Dorking Genetics,* 76 F.3d at 1264 (suggesting that FTCA claim may be "saved by some other waiver of sovereign immunity"); *see also United States v. Vasquez*, 145 F.3d 74, 80 (2d Cir. 1998) (APA waiver of sovereign immunity allows for declaratory relief in case arising under First Amendment).

Therefore, even if this Court were to conclude that declaratory judgment is not merely a procedural device but, instead, is a substantive form of relief, requiring an additional, discrete waiver of sovereign immunity, this Court would still have the power to issue declaratory judgment as to Defendant's liability under the FTCA. The FTCA provides a cause of action which this Court may combine with the APA's waiver of sovereign immunity to make use of the DJA and issue such judgment.

## V. ALTHOUGH *BROOKYLN LEGAL SERVICES* MAY CONTROL PLAINTIFFS' TENTH AMENDMENT CLAIM, THE CASE IS APPROPRIATE FOR RECONSIDERATION BY THE SECOND CIRCUIT

Defendant also moves to dismiss Plaintiffs' Tenth Amendment claim, arguing that Plaintiffs lack the standing necessary to bring it. Def. Br. [Dkt. #52]. As Plaintiffs concede in the Third Amended Complaint, *Brooklyn Legal Services Corp. v. Legal Services Corp.*, 462 F.3d 219, 234-36 (2d Cir. 2006) may control this Court's disposition of this claim. 3d. Am. Compl. [Dkt. #46] at ¶ 376. In *Brooklyn Legal Services*, the Second Circuit held that private parties do not have standing to bring a claim under the Tenth Amendment. 462 F.3d at 234-36. However, Plaintiffs contend that *Brooklyn Legal Services* was wrongly decided and that the Second Circuit would reconsider its holding in that case if presented with that issue again. Moreover, Plaintiffs note that there is a circuit split on the issue, *compare Gillespie v. City of Indianapolis*, 185 F.3d 693, 703 (7th Cir. 1999), *cert. denied,* 528 U.S. 1116 (2000) (granting standing to private parties

to pursue Tenth Amendment claims), *abrogated on other grounds by District of Columbia v. Heller*, 554 U.S. ----, 128 S. Ct. 2783 (2008); *Atlanta Gas Light Co. v. U.S. Dept. of Energy*, 666 F.2d 1359, 1368, n.16 (11th Cir. 1982) (same) *with Brooklyn Legal Services*, 462 F.3d at 234-6 (finding no private-party standing for Tenth Amendment claims); *U.S. v. Bond*, 581 F.3d 128, 137 (3d Cir. 2009) (same); *Medeiros v. Vincent,* 431 F.3d 25, 34-35 (1st Cir. 2005), *cert. denied,* 548 U.S. 904 (2006) (same), and that the Supreme Court recently granted certiorari on a substantially similar question but declined to reach the issue. *See Pierce County, Wash. v. Guillen*, 537 U.S. 129, 148 n.10 (2003) ("in light of our disposition . . . , we need not address the second question on which we granted certiorari: whether private plaintiffs have standing to assert 'states' rights' under the Tenth Amendment where their States' legislative and executive branches expressly approve and accept the benefits and terms of the federal statute in question").

A proper reading of *New York v. United States*, 505 U.S. 144, 181 (1992), supports Plaintiffs' position that private individuals have standing to bring Tenth Amendment claims. *See id.* at 181 ("[T]he Constitution divides authority between federal and state Governments for the protection of individuals"); *Gillespie*, 185 F.3d at 703 (finding private-party standing under *New York* to bring a Tenth Amendment claim). *But see Brooklyn Legal Services*, 462 F.3d at 234-36 (rejecting argument that *New York* supports private-party standing for Tenth Amendment claims); *Bond*, 581 F.3d at 137 (same); *Medeiros,* 431 F.3d at 34-35 (same). So long as Plaintiffs "show the requisite injury in fact and its causal relation to the action in question," they should be permitted to pursue their Tenth Amendment claim. *Atlanta Gas Light Co.*, 666 F.2d at 1368, n.16.

Moreover, the Second Circuit should recognize private-party standing under the Tenth Amendment particularly where, as here, Plaintiffs' interests align with those of the locality

whose sovereignty Defendant has usurped.  *See United States v. Parker*, 362 F.3d 1279, 1284-85 (10th Cir. 2004) (not finding private-party standing under the Tenth Amendment where "private plaintiffs['] . . . interests are not aligned with the state's interests").  This reading of the Tenth Amendment is supported by the Amendment's text, which grants rights not only to the States, but also to the people.  U.S. Const. amend. X ("The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, *or to the people*") (emphasis added).

## CONCLUSION

      For the foregoing reasons, Plaintiffs respectfully request that the Court deny the United States' Renewed Motion to Dismiss In Part.


Dated July 9, 2010
New Haven, Connecticut

                                  BY: _____/s/ _____
                                  Muneer I. Ahmad, Esq., Federal Bar No. ct28109
                                  Michael J. Wishnie, Esq., Federal Bar No. ct27221
                                  Hope Metcalf, Esq., Federal Bar No. ct424312
                                  Estella Cisneros, Law Student Intern
                                  Mark Pedulla, Law Student Intern

                                  JEROME N. FRANK
                                  LEGAL SERVICES ORGANIZATION
                                  Yale Law School
                                  P.O. Box 209090
                                  New Haven, Connecticut 06520-9090
                                  Phone: (203) 432-4800

                                  *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I herby certify that on July 9, 2010, a copy of the foregoing Memorandum in Opposition to the Defendant United States of America's Renewed Motion to Dismiss In Part was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> BY: _____/s/ _____
> Muneer I. Ahmad, Esq., Federal Bar No. ct28109
>
> JEROME N. FRANK
> LEGAL SERVICES ORGANIZATION
> Yale Law School
> P.O. Box 209090
> New Haven, Connecticut 06520-9090
> Phone: (203) 432-4800
>
> *Counsel for Plaintiffs*