IN THE UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDUARDO DIAZ-BERNAL, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v.  § | CIVIL ACTION NO. 3:09-cv-1734-SRU |
| § | |
| § | |
| JULIE MYERS, *et al.*, § | |
| § | |
| Defendants. § | |

## REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS IN PART

Pursuant to Local Rule 7(d) and FED. R. CIV. P. 12(b)(1), Defendant United States hereby files a reply in support of its motion to dismiss Plaintiffs' Tenth Amendment claim and request for a declaratory judgment against the United States.[1]

---

[1] Prior to the filing of Plaintiffs' second and third amended complaints (Dkt. Nos. 43, 46), the parties fully briefed this motion. *See* Motion to Dismiss for Lack of Jurisdiction (In Part) filed March 1, 2010 (Dkt. No. 16); Memorandum in Opposition re Motion to Dismiss for Lack of Jurisdiction (In Part) filed April 1, 2010 (Dkt. No. 27); and Reply to Response to Motion to Dismiss for Lack of Jurisdiction filed April 27, 2010 (Dkt. No. 25). The parties subsequently renewed their motion to dismiss and opposition. (Dkt. Nos. 52, 63). However, due to an oversight, the United States has yet to file the instant renewed reply, which does not vary in any material respect from its previously filed reply. (Dkt. No. 35). The United States respectfully requests this Court consider this reply in support of it's motion to dismiss Plaintiffs' Tenth Amendment claim and request for a declaratory judgment against the United States.

**I. PLAINTIFFS LACK STANDING TO BRING A CLAIM UNDER THE TENTH AMENDMENT.**

Plaintiffs concede that *Brooklyn Legal Servs. Corp. v. Legal Servs. Corp.*, 462 F.3d 219, 234-36 (2d Cir. 2006) controls. (Opp at p. 12-14; Compl. at ¶ 376). In *Brooklyn Legal Servs.,* the Second Circuit held that private parties lack standing to bring Tenth Amendment claims. *Brooklyn Legal Servs.*, 462 F.3d at 235. While Plaintiffs disagree with the holding in *Brooklyn Legal Servs.*, they fail to present any arguments that would justify abrogating the Second Circuit's holding. Nor do they cite any authority which would authorize this Court to ignore binding precedent. Since Plaintiffs are private individuals, this Court should dismiss the Tenth Amendment claim for lack of standing. *See Brooklyn Legal Servs.*, 462 F.3d at 235; *see also United States v. Shanandoah,* 595 F.3d 151, 161-62 (3d Cir. 2010) (private parties lack standing to bring claims under the Tenth Amendment); *United States v. Hacker*, 565 F.3d 522, 526 (8th Cir. 2009) (same); *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 972 (9th Cir. 2009) (same); *Medeiros v. Vincent*, 431 F.3d 25, 33-36 (1st Cir. 2005) (same); *United States v. Parker*, 362 F.3d 1279, 1284 (10th Cir. 2004) (same).

Plaintiffs argue that "a proper reading of *New York v. United States*, 505 U.S. 144, 181 (1992) supports [their] position . . . ." (Opp at p. 13). In *New York,* responding to the argument that a federal statute cannot be an unconstitutional infringement of state sovereignty when state officials have consented to the statute's enactment, the Supreme Court noted:

> The Constitution does not protect the sovereignty of States for the benefit of the States or state governments as abstract political entities, or even for the benefit of the public officials governing the States. To the contrary, the Constitution divides authority between federal and state governments for the protection of individuals.

*New York*, 505 U.S. at 181. Based on this language, Plaintiffs argue that the Tenth Amendment should allow for a private cause of action. (Opp. at p. 13). However, in *Brooklyn Legal Servs.*, the Second Circuit expressly considered and rejected this argument, holding that "*New York* does not support overruling *Tenn. Elec.*" 462 F.3d at 236. The Second Circuit explained:

> The issue of Tenth Amendment standing is not even indirectly addressed in *New York*. As the First Circuit observed, neither *Tenn. Elec.* nor standing is discussed in that case. The quoted passage upon which the district court relied concerns the *states'* ability to *waive* Tenth Amendment violations and has nothing to do with standing. We recognize that construing *New York* to diminish the weight of *Tenn. Elec.'s* reasoning is one possible reading of the case, but the federal courts have come to no settled consensus on the issue. We are nonetheless bound by the rule that "[i]f a precedent of [the Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own decisions."

*Brooklyn Legal Servs.*, 462 F.3d at 236 (internal citations omitted). Thus, under *Brooklyn Legal Servs.*, Plaintiffs lack standing to bring claims asserting that the federal government is encroaching on state sovereignty because they are private parties. Accordingly, this Court should dismiss Plaintiffs' Tenth Amendment claims under FED. R. CIV. P. 12(b)(1).

**II. THIS COURT LACKS JURISDICTION TO ISSUE A DECLARATORY JUDGMENT AGAINST THE UNITED STATES BECAUSE THE FTCA ONLY ALLOWS FOR MONEY DAMAGES.**

**A.  The Court Cannot Issue Declaratory Relief Under The FTCA.**

The courts have almost universally held that the only form of relief available under the FTCA is monetary damages.  *See Harrison v. U.S.*, 329 Fed. Appx. 179, 181 (10th Cir. 2009) ("claims for declaratory and injunctive relief cannot be brought pursuant to the FTCA); *Lucido v. Mueller*, No. 08-15269, 2009 WL 3190368, at *9 (E.D. Mich. Sept. 29, 2009) ("the only form of relief available under the FTCA is money damages"); *Quechan Indian Tribe v. U.S.*, 535 F. Supp. 2d 1072, 1116 (S.D. Cal. 2008) ("Plaintiff fails to demonstrate a . . . waiver of immunity for declaratory relief in FTCA cases . . . the only relief provided for in the FTCA is money damages"); *Downing v. U.S.*, No. 07-00466, 2008 WL 816678, at *1 n. 3 (W.D. Va. Mar. 26, 2008) ("The FTCA permits a claimant to seek monetary damages, and only money damages . . . the FTCA is not the proper vehicle for a declaratory action or any other injunctive relief."); *Estate of Trentadue ex rel. Aguilar*, 397 F.3d 840, 863 (10th Cir. 2005) ("district courts lack subject matter jurisdiction under the FTCA to provide injunctive and declaratory relief"); *U.S. v. Nicolet, Inc.*, No. 85-3060, 1986 WL 15017, at *3 (E.D. Pa. Dec. 31, 1986) ("Act authorizes suits against the United States only for money damages, not for declaratory or other relief . . . the FTCA's waiver of sovereign immunity extends only to actions seeking monetary, not equitable relief."); *cf. Carter v. Dept. of the Navy*, No. 05-0775, 2006 WL 2471520, at *2 n.6 (D.D.C. Aug. 24, 2006); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 97 (D.D.C. 1999);

*see also* 2 Jayson & Longstreth, HANDLING FEDERAL TORT CLAIMS § 9.02, p. 1 (2009) (Dkt. No. 27-2); *James v. Jacksonville Bulk Mail Center*, No. 06-1120, 2009 WL 2901197, at *6 (M.D. Fla. Sept. 4, 2009).[2]

The only case that Plaintiffs cite in their opposition wherein the court explicitly held that declaratory relief is available under the FTCA is a 1953 case decided by the District of New Jersey. *See Pennsylvania R.R. Co. v. U.S.*, 111 F. Supp. 80, 86-87 (D.N.J. 1953); (Opp. at p. 8). But *Pennsylvania R.R. Co.* is <u>not</u> in accord with the clear majority of cases on point. *See supra* at p. 3-4. Moreover, the District of New Jersey has more recently concluded that declaratory relief is not available under the FTCA. *See Beale v. USDOJ*, No. 06-2186, 2007 WL 327465, at *7 (D.N.J. Jan. 30, 2007) ("this court would have no jurisdiction under the FTCA to grant injunctive or declaratory relief on tort claims"). Since the FTCA only provides for money damages, this Court should dismiss Plaintiffs' request for declaratory relief against the United States.

---

[2] Plaintiffs reason that this Court should allow declaratory relief under the FTCA because the Supreme Court has held that the Suits in Admiralty Act ("SAA"), 46 U.S.C. § 30901, permits declaratory judgments, even though the statute is silent on the matter. (Opp. at p. 9). However, the FTCA may also be analogized to the Federal Claims Act, and the Supreme Court has held that the Court of Federal Claims – whose jurisdiction is limited to actions seeking money damages against the United States – does not have jurisdiction to entertain claims for declaratory or injunctive relief. *See U.S. v. King*, 395 U.S. 1, 4 (1969) (observing that "cases seeking relief other than money damages from the Court of [Federal] Claims have never been within its jurisdiction") (internal quotation marks omitted); *see also Carter v. Dept. of the Navy*, No. 05-0775, 2006 WL 2471520, at *4 (D.D.C. Aug. 24, 2006); 28 U.S.C. § 1491(a)(2); Jayson, § 9.02, p. 3 (Dkt. No. 63-2). Similarly, Plaintiffs are not entitled to declaratory relief under the FTCA because they cannot point to an unequivocal expression of waiver by United States; rather, they only argue that such a waiver is implied. (Opp. at p. 10); *King*, 395 U.S. at 4.

-5-

**B. Plaintiffs Cannot Invoke The APA Because The FTCA Is Exclusive And This Case Does Not Involve Administrative Decision Making.**

Plaintiffs aver that the Administrative Procedures Act ("APA") provides jurisdiction for their declaratory judgment claim against the United States. (Opp. at p. 11-12). However, Plaintiffs cannot invoke the APA because they have not pled it, the FTCA is exclusive, and this case does not involve final agency action for purposes of the APA.

**(1) Plaintiffs did not bring any claims under the APA.**

As a threshold point, Plaintiffs cannot invoke the APA solely in opposition to the United States' motion to dismiss.[3] They have wholly ignored the statute up to this point. Plaintiffs failed to plead the APA as a jurisdictional basis for their claims in the complaint, and they have neglected to assert the APA in any pleadings thus far. (Third Amend. Compl. at ¶ 20). Even Plaintiffs' opposition fails to identify how a claim is appropriate under the APA. Plaintiffs are attempting to use the APA as an end run

---

[3] Parties seeking non-monetary relief in the form of judicial review of an action by a federal agency may proceed under the APA. *See* 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3659 (3d ed.1998). In 1976, Congress amended the APA to specifically waive sovereign immunity in suits brought against the United States seeking relief "other than money damages." The APA provides as follows:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702. The APA does not provide an independent basis for jurisdiction, *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), but it waives sovereign immunity in non-monetary relief claims brought under federal question statutes 28 U.S.C. §§ 1331 and 1362. *Id.*

around the FTCA's exclusive remedy provisions, and this Court should not permit such claims. *See Franklin Sav. Corp. v. U.S.*, 970 F. Supp. 855, 864 (D. Kan. 1997) (APA claim was little more than end-run around FTCA's exclusive remedy provisions and, even if claims were independent, only relief available to plaintiffs would have been money damages, which are impermissible under the APA); *see also U.S. v. Nicolet, Inc.*, No. 85-3060, 1986 WL 15017, at *3 (E.D. Pa. Dec. 31, 1986) ("combination of sections 1331 and 702 does not confer jurisdiction in this Court over . . . request for declaratory relief in light of the prohibition against an award of equitable relief against the United States pursuant to the FTCA"); *Beale v. USDOJ*, No. 06-2186, 2007 WL 327465, at *7 (D.N.J. Jan. 30, 2007) ("sovereign immunity is not waived by the [APA] or by the general federal jurisdiction statutes 28 U.S.C. §§ 1331, 2201 . . . although the [APA] generally waives the United States' immunity for 'nonstatutory' equitable actions brought under 28 U.S.C. § 1331, Plaintiffs' claims are statutorily derived from the FTCA and thus, the [APA] is not applicable"); *cf. Carter v. Dept. of the Navy*, No. 05-0775, 2006 WL 2471520, at *5 (D.D.C. Aug. 24, 2006) ("plaintiff cannot *de facto* amend his complaint by asserting new claims under the APA in his responsive pleadings").

### (2) The FTCA provides an exclusive remedy.

The APA includes important exceptions to administrative review.  Section 702 states: "Nothing herein . . . confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. Section 704 adds: "Agency action made reviewable by statute and final agency action for

which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 702. Pursuant to 5 U.S.C. §§ 702 and 704, Plaintiffs cannot invoke the APA because the FTCA provides an adequate remedy at law and impliedly forbids the relief sought.

The FTCA is the exclusive remedy for a tort claim against the government. *United States v. Smith,* 499 U.S. 160, 163 (1991) (FTCA is the exclusive remedy for torts committed by Government employees in the scope of their employment); *Castro v. U.S.,* 34 F.3d 106, 110 (2d Cir. 1994) ("claimant's exclusive remedy for nonconstitutional torts . . . is a suit against the government under the FTCA"); *cf. Committee of Blind Vendors v. District of Columbia,* 28 F.3d 130, 134 (D.D.C. 1994) (*en banc*) (same). And the FTCA provides for monetary damages only. *See Harrison*, 329 Fed. Appx. at 181; *Lucido v. Mueller*, 2009 WL 3190368, at *9; *Quechan Indian Tribe*, 535 F. Supp. 2d at 1116; *Downing*, 2008 WL 816678, at *1 n. 3; *Estate of Trentadue*, 397 F.3d at 863. Since the FTCA provides an exclusive remedy for tort actions against the United States, Plaintiffs cannot state a claim for declaratory relief under the APA. *See Nicolet*, 1986 WL 15017, at *3 ("The jurisdictional route pursuant to sections 1331 and 702 may not be used . . . in actions seeking declaratory relief . . . [because] the FTCA . . . expressly precludes the relief which is sought"); *Bowen v. Mass.*, 487 U.S. 897, 903 (1988) ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action").

### **(3) This case does not involve final agency action.**

When review is not sought pursuant to specific authorization in a substantive statute, but only under the general review provisions of the APA at 5 U.S.C. § 702, a party must demonstrate that they are aggrieved by a "final agency action."[4] Agency action is only "final" and reviewable if a minimum of two conditions are met: "(1) the action marks the consummation of the agency's decision-making process . . . it must not be of a merely tentative or interlocutory nature; and (2) it must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear,* 520 U.S. 154, 177 (1997); *see also FTC v. Standard Oil Co.,* 449 U.S. 232, 241 (1980) (noting that the action must be a definitive statement of the agency's position with concrete legal consequences).

A law enforcement operation targeting the apprehension of fugitive aliens does not constitute a "final agency action" for purposes of the APA. The New Haven operation on June 6, 2007 did not mark the culmination of a decision-making process by the United States. Nor did the United States determine any legal rights or obligations in the course of the action. The challenged administrative searches and seizures were merely

---

[4] A party must satisfy two requirements to proceed under the APA's general provisions: (1) they must show that they have been affected by some "agency action" as defined in section 551(13), 5 U.S.C. § 701(b)(2), and such "agency action" must be a "final agency action" pursuant to section 704; and (2) they must prove that they have suffered a "legal wrong" or are "adversely affected or aggrieved" by that action "within the meaning of a relevant statute," which requires a showing that the injury complained of falls within the "zone of interests" sought to be protected by the relevant statute. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 882-883, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). As to the first factor, "agency action" for purposes of § 702, as defined at 5 U.S.C. § 551(13), 5 U.S.C. 701(b)(2), constitutes: "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." *Lujan,* 497 U.S. at 882. As to the second factor, the injury the Plaintiffs complain of must fall within the zone of interests sought to be protected by the statutory provision whose violation forms the legal basis of the complaint. *Id.*

procedural devices used to carry out the particular immigration operation involved. Plaintiffs point to no "whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act" to support their APA claim. *Lujan*, 497 U.S. at 882. Accordingly, APA jurisdiction is inappropriate in this case.

In *Lujan v. National Wildlife Federation,* 497 U.S. 871, 882-883 (1990), the Supreme Court held that the land withdrawal review program operated by the Bureau of Land Management ("BLM") was not agency action, much less final agency action, because the complaint did not refer to a single BLM order or regulation, or even to a completed universe of BLM orders and regulations, but rather referred to continuing and constantly changing BLM operations of reviewing withdrawal revocation applications and its classifications of public lands and its general responsibilities of developing land use plans. *Lujan*, 497 U.S. at 890. The Court reasoned that the APA did not lay before the courts the wholesale correction of agency programs, but "only provides for intervention in the administration of the laws when, and to the extent that, a specific 'final agency action' has an actual or immediately threatened effect." *Id.* at 893-94, *citing Toilet Goods Assn. v. Gardner,* 387 U.S. 158, 164-166 (1967).

Likewise, the day-to-day law enforcement operation conducted by Defendants in the instant case was not a "final agency action" for purposes of the APA. There are no orders or regulations directly at issue here. Plaintiffs only generally complain about the manner in which Defendants conducted a single, discrete immigration operation that ultimately led to the arrest and removal proceedings of illegal aliens. Accordingly,

Plaintiffs' claims are not cognizable under the APA, and their attempt to bootstrap a request for declaratory judgment relief must fail.

## CONCLUSION

WHEREFORE Defendants respectfully request that the Court dismiss this action pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction.

| | |
|---|---|
| Dated October 25, 2010 | Respectfully submitted, |
| NORA R. DANNEHY<br>United States Attorney | TONY WEST<br>Assistant Attorney General |
| DOUGLAS MORABITO<br>Assistant U.S. Attorney | DAVID J. KLINE<br>Director, District Court Section<br>Office of Immigration Litigation |
| PYLLIS PYLES<br>Director, Torts Branch | ELIZABETH J. STEVENS<br>Assistant Director, District Court Section<br>Office of Immigration Litigation |
| MARY M. LEACH<br>Assistant Director, Torts Branch | **s/ Christopher W. Dempsey**<br>CHRISTOPHER W. DEMPSEY<br>Senior Litigation Counsel |
| JOHN A. WOODCOCK<br>Trial Attorney, Torts Branch | District Court Section<br>Office of Immigration Litigation<br>U.S. Department of Justice, Civil Division<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>TELE: (202) 532-4110<br>FAX: (202) 305-7000<br>E-mail: christopher.dempsey@usdoj.gov |
| | Attorneys for Defendants |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2010, I electronically filed the foregoing ***Reply in Support of Renewed Motion to Dismiss*** with the clerk of court for the United States District Court for the District of Connecticut, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

>Michael J. Wishnie
>Jerome N. Frank Legal Services
>127 Wall Street
>New Haven, CT 06511
>michael.wishnie@yale.edu

>Muneer I. Ahmad
>Jerome N. Frank Legal Services
>127 Wall Street
>New Haven, CT 06511
>muneer.ahmad@yale.edu

>**s/ Christopher W. Dempsey**
>CHRISTOPHER W. DEMPSEY
>Senior Litigation Counsel
>District Court Section
>Office of Immigration Litigation
>U.S. Department of Justice, Civil Div.
>P.O. Box 868, Ben Franklin Station
>Washington, DC 20044
>TELE: (202) 532-4110
>FAX: (202) 305-7000
>E-mail: christopher.dempsey@usdoj.gov